UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NICHOLAS A. GLADU,           )
                             )
        Plaintiff            )
                             )
v.                           )    1:19-cv-00315-GZS
                             )
MAINE DEPARTMENT OF          )
CORRECTIONS, et al.,         )
                             )
        Defendants           )

**RECOMMENDED DECISION ON MOTION FOR
PRELIMINARY INJUNCTION**

In this action, Plaintiff, an inmate at the Maine State Prison, alleges that Defendants have unlawfully failed to address and accommodate his needs with respect to a serious medical condition (polyuria) from which he suffers. Although Defendants have been served with Plaintiff's complaint, they have not yet filed a response to the complaint.

Plaintiff recently filed a motion for injunctive relief through which motion he asks the Court to order Defendants to provide an appropriate accommodation. (Motion, ECF No. 16.) Following a review of Plaintiff's motion and the record, I recommend the Court deny the motion without prejudice.

**DISCUSSION**

To obtain injunctive relief on his claims, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships,[1] and (4) a fit (or lack of friction) between the injunction and the

---

[1] Plaintiff must demonstrate that his claimed injury outweighs any harm that granting the injunctive relief would inflict upon Defendants. *Lancor v. Lebanon Hous. Auth.*, 760 F.2d 361, 362 (1st Cir. 1985).

public interest."[2]  *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).

Through his submissions, Plaintiff arguably requests both a temporary restraining order and a preliminary injunction.  Generally, the distinction between the two forms of injunctive relief is that the former can be awarded without notice to the other party and an opportunity to be heard.  *Int'l Ass'n of Machinists & Aerospace Workers, Local Lodge No. 1821 v. Verso Paper Corp.*, 80 F. Supp. 3d 247, 278 (D. Me. 2015).  A temporary restraining order, therefore, is an even more exceptional remedy than a preliminary injunction, which is itself "an extraordinary and drastic remedy that is never awarded as of right."  *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008)).  By rule, a temporary restraining order requires a clear showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).

Regardless of whether notice is provided, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law."  *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969).  Moreover, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration."  *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).  *See also* 18 U.S.C. § 3626(a)(1)(A) (requiring that

---

[2] Plaintiff must prove that "the public interest will not be adversely affected by the granting of the injunction."  *Planned Parenthood League of Mass. v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981).

2

prospective injunctive relief "extend no further than necessary" and afford only "the least intrusive means necessary to correct the violation," and that the court "give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief").

To the extent Plaintiff asks the Court to grant injunctive relief without affording Defendants the opportunity to be heard, Plaintiff's motion fails. He has presented no evidence to establish "that immediate and irreparable injury, loss, or damage will result to [him] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

In addition, while Plaintiff has asserted that he suffers from a serious medical condition and has submitted evidence in an attempt to corroborate his assertion (e.g., Declaration of Paul Andrews, ECF No. 14), the record lacks a report from or testimony of a medical expert to establish that he suffers from the alleged serious medical condition or that the conditions from which he suffers "cause and/or contribute to his polyuria symptoms." (Motion at 1.)[3] "[E]xpert testimony may be necessary 'where the matter in issue is within the knowledge of experts only, and not with the common knowledge of lay[persons].'" *Montany v. Univ. of New England*, 858 F.3d 34, 37 (1st Cir. 2017) (quoting *Cyr v. Giesen*, 108 A.2d 316, 318 (Me. 1954)). Whether Plaintiff suffers from the serious condition about which he complains is not a matter within the common knowledge of a layperson. Without a medical opinion to establish that he suffers from the condition, Plaintiff cannot prevail on his claim. Plaintiff, therefore, has not established that he is likely to prevail on his claim. Accordingly, Plaintiff is not entitled to injunctive relief at this stage of the proceedings. *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002) ("The sine qua

---

[3] The Court granted Plaintiff's motion to add evidence (Motion, ECF No. 15) in support of his request for injunctive relief. The evidence included medical records that reflect that Plaintiff was seen by Maine Nephrology Associates in June 2019 for hematuria. (ECF Nos. 12-2, 12-3, 12-4. 12-5.) The records, however, do not reflect a diagnosis of polyuria.

non of this four-part inquiry [for injunctive relief] is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.")

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion for injunctive relief without prejudice to Plaintiff's ability to reassert the motion upon further development of the record.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 10th day of September, 2019.