UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NICHOLAS A. GLADU,<br><br>             Plaintiff,<br><br>      v.<br><br>MAINE DEPARTMENT OF CORRECTIONS et al.,<br><br>             Defendants. | Docket No.: 1:19-cv-00315-GZS |

## ANSWER

Defendants Maine Department of Corrections and Gladys Cassese answer the complaint (Docket #1) as follows:

### INTRODUCTION

1. This paragraph requires no response because it does not contain allegations. To the extent a response is required, Defendants deny that they violated Plaintiff's constitutional rights, the Americans with Disabilities Act, or the Rehabilitation Act, and further deny that Plaintiff is entitled to any of the relief set forth in this paragraph.

### JURISDICTION

2. This paragraph states a legal conclusion, to which no response is required. To the extent a response is required, defendants deny that the Court has subject-matter jurisdiction over the claims asserted.

3. This paragraph states a legal conclusion, to which no response is required. To the extent a response is required, defendants deny that the Court has subject-matter jurisdiction over the claims asserted.

1

## PARTIES

4. Defendants admit that Plaintiff is confined at Maine State Prison. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that MDOC has prisoners "under its control." Defendants otherwise admit paragraph 5.

6. Defendants admits that Defendant Troy Ross is Deputy Warden of Security at Maine State Prison and is employed by MDOC. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

7. Defendants admit that Defendant Gladys Cassese is the Unit Manager of the Special Management Unit (SMU) at Maine State Prison and is employed by MDOC. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

Unnumbered paragraph. Defendants admit that they were acting under color of state law. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

## EXHAUSTION OF AVAILABLE REMEDIES

8. Denied.

## FACTUAL STATEMENT

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

13. Denied.

14. Denied.

15. Defendants admit that DOC staff observed Plaintiff urinating in the recreation yard on April 13, 2019, that staff required him to return to his cell, and that staff instituted a disciplinary proceeding that included a charge of Class A Bodily Fluids, among others. Defendants otherwise deny the allegations of paragraph 15.

16. Denied.

17. Defendants deny that there was an informal rule for prisoner access to a restroom during recreation periods. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

18. Defendants admit that Plaintiff submitted a letter to Matthew Magnusson, Warden, requesting access every 15 minutes to a restroom during Plaintiff's recreation periods. Defendants otherwise deny the allegations in paragraph 18.

19. Defendants admit that Robert Costigan provided a response to Plaintiff's request directing him to submit a sick call slip to determine Plaintiff's medical needs for access to a restroom. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

20.     Denied.

21.     Denied.

22.     Defendants admit that Plaintiff submitted a prisoner grievance form to Defendant Cassese containing a request that Maine State Prison staff provide him with access to a restroom every 15 minutes when accessing any prison service, activity or program. Defendants otherwise deny the allegations in paragraph 22.

23.     Denied.

24.     Defendants deny the first two sentences of paragraph 24. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

25.     Defendants admit that that, on April 30, 2019, Defendant Cassese denied Plaintiff's request for an escort to the restrooms every 15 minutes while at an activity. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

26.     Defendants admit that Plaintiff filed a first-level grievance of the April 30 denial of his request for restroom escorts every 15 minutes while at an activity. Defendants otherwise deny the allegations in this paragraph.

27.     Defendants admit the first sentence of paragraph 27. Defendants deny the second sentence of paragraph 27.

28.     Defendants admit that on May 1, 2019, Plaintiff appealed the designated hearing officer's guilty finding and recommended disposition. Defendants further admit that Plaintiff's appeal asserted that he had a documented medical condition which causes him to void excessive amounts of urine. Defendants otherwise deny the allegations of paragraph 28.

29. Admitted.

30. Defendants admit that, on June 3, 2019, Plaintiff was the subject of a disciplinary incident report for urinating outside during his two-hour recreation period, and further admit that Officer Lisenby ended his recreation time before it was completed and deferred to Unit Manager Cassese on whether to initiate a disciplinary action. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 30 and therefore deny them.

31. Denied.

32. Defendants admit that Defendant Cassese imposed a seven-day restriction on Plaintiff's outside recreation. Defendants otherwise deny the allegations of this paragraph.

33. Denied.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

35. Defendants admit that MDOC policy requires prisoners wishing to appeal a disciplinary decision to appeal to the chief administrative officer or designee. Defendants otherwise deny the allegations of paragraph 35.

36. Denied.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

38. Defendants admit the first sentence of paragraph 38. Defendants deny the second sentence of paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

40. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

41. Denied.

42. Denied.

43. Admitted.

44. Denied.

45. Denied.

46. Defendants admit that Plaintiff has been assigned to a prisoner mentor and that meetings with the mentor occur in the SMU visit booths. Defendants otherwise deny the allegations of paragraph 46.

47. Denied.

48. Defendants admit that Plaintiff submitted a letter to Warden Magnusson requesting access to a restroom every 15 minutes during an upcoming "Houses of Healing" class. Defendants otherwise deny the allegations in paragraph 48.

49. Denied.

50. Defendants admit that Plaintiff spoke with Warden Magnusson concerning his alleged polyuria on or about June 5, 2019. Defendants otherwise deny the allegations of paragraph 50.

51. Defendants admit the first sentence of paragraph 51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in remainder of paragraph 51.

52. Admitted.

53. Denied.

54. Defendants deny that the housing unit is a considerable distance from the SMU. Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 54.

55. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 55.

56. Denied.

57. Denied.

58. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in the first sentence of paragraph 58 and therefore deny them. Defendants deny the remainder of paragraph 58.

59. Defendants admit that nursing staff decided to suspend the testing. Defendants otherwise deny the allegations of paragraph 59.

60. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

61. Denied.

62. Denied.

63. Denied.

64. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

65. Defendants admit that Plaintiff was transported to Maine Nephrology Associates on April 12, 2019. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 65 and therefore deny them.

66. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## RELIEF REQUESTED

Paragraphs A–H of this section require no response because they do not state allegations. To the extent a response is required Defendants deny that Plaintiff is entitled to any of the relief he requests.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity, the Eleventh Amendment, or both.

3. Title II of the ADA is not a valid exercise of Congress's authority under section 5 of the Fourteenth Amendment as applied to this case.

4. Defendants did not violate a clearly established constitutional right of Plaintiff, and Defendants are therefore entitled to qualified immunity.

5. Defendants did not act with deliberate indifference or any requisite state of mind for any of the alleged constitutional violations.

6. Defendants lacked personal or direct involvement in any of the alleged violations of Plaintiff's rights.

7. Plaintiff's claims are barred for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

8. Plaintiff is not a qualified individual with a disability.

9. The Americans with Disabilities Act does not permit recovery against a governmental entity on the basis of vicarious liability.

10. Any and all damage or injury allegedly sustained by Plaintiff resulted not from the conduct or acts of Defendants, but from the conduct or acts of Plaintiff or other persons.

11. The acts or omissions of the Defendants alleged to constitute deliberate indifference, cruel and unusual punishment, or a constitutional violation were not substantial causes or factors in the alleged injuries sustained by Plaintiff.

12. Plaintiff has failed to mitigate damages and is therefore barred from recovery against Defendants.

13. Plaintiff is barred from seeking damages for mental or emotional injury because he does not meet the requirements of 42 U.S.C. § 1997e(e).

14. Plaintiff is not entitled to declaratory or injunctive relief. Declaratory relief is unavailable to solely have the Court declare that actions of Government Defendants have violated Plaintiff's rights. Injunctive relief is further unavailable where Plaintiff's request for relief is moot.

15. Plaintiff's claims are barred by the favorable termination rule of *Heck v. Humphrey* to the extent the relief he seeks would affect the term of his confinement.

16. Plaintiff has no right of action under 42 U.S.C. § 1983 to assert some or all of his claims.

WHEREFORE, Defendants request Plaintiff's Complaint be dismissed and judgment be entered in favor of Defendants and against Plaintiff, along with costs, attorneys' fees, and expenses, and any other relief deemed necessary.

Dated:  September 20, 2019　　　　　　　　AARON M. FREY
　　　　　　　　　　　　　　　　　　　　　　Attorney General

　　　　　　　　　　　　　　　　　　　　　　/s/ Jonathan R. Bolton
　　　　　　　　　　　　　　　　　　　　　　JONATHAN R. BOLTON
　　　　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　　　　Office of the Attorney General
　　　　　　　　　　　　　　　　　　　　　　6 State House Station
　　　　　　　　　　　　　　　　　　　　　　Augusta, ME 04333-0006
　　　　　　　　　　　　　　　　　　　　　　Tel. (207) 626-8800
　　　　　　　　　　　　　　　　　　　　　　jonathan.bolton@maine.gov

　　　　　　　　　　　　　　　　　　　　　　*Attorney for Defendants Maine Department of Corrections, Troy Ross, and Gladys Cassese*

## CERTIFICATE OF SERVICE

I certify that on September 20, 2019, I electronically filed this document with the court using the ECF system, which will send notice of filing to any and all counsel of record, and that I caused one copy of this filing to be served upon Nicholas Gladu, Maine State Prison, 807 Cushing Road, Warren, ME 04864 by having the same deposited in the United States Mail, postage prepaid.

/s/ Jonathan R. Bolton

Jonathan R. Bolton
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800
jonathan.bolton@maine.gov