UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NICHOLAS A. GLADU,           )
                            )
            Plaintiff        )
                            )
v.                          )        1:19-cv-00315-GZS
                            )
MAINE DEPARTMENT OF         )
CORRECTIONS, et al.,        )
                            )
            Defendants       )

**RECOMMENDED DECISION AFTER REVIEW**
**OF PLAINTIFF'S AMENDED COMPLAINT**

In this action, Plaintiff, an inmate at the Maine State Prison, Plaintiff alleges the defendants violated the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Eighth and Fourteenth Amendments to the United States Constitution with respect to the treatment of an alleged serious medical condition. Defendants consist of the Maine Department of Corrections and two corrections officers.

Plaintiff recently moved to amend his complaint. (Motion, ECF No. 36.) While Defendants did not object to the motion, Defendants asked the Court to review the amended complaint in accordance with 28 U.S.C. § 1915A before Defendants are required to respond to the amended complaint. (Response, ECF No. 38.) The Court subsequently granted the motion to amend and the amendment to the complaint was filed on the docket. (Order on Motion to Amend, ECF No. 39; Supplemental Complaint, ECF No. 40.)

Plaintiff's amended complaint is subject to a review "before docketing, if feasible or

… as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a

governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

After review of the amended complaint, I recommend the Court dismiss Plaintiff's claim

under 42 U.S.C. § 1983 against Defendant Maine Department of Corrections.

## DISCUSSION

Plaintiff's amended complaint is subject to a preliminary review under the Prison

Litigation Reform Act because Plaintiff is currently incarcerated and seeks redress from

governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A review

requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the

complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks

monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim of constitutional harm caused by state actors, as Plaintiff has alleged in this

case, is actionable under the Civil Rights Act, 42 U.S.C. § 1983, which provides, in relevant

part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State …, subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the Constitution and laws,
> shall be liable to the party injured in an action at law, suit in equity, or other
> proper proceeding for redress, ….

42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely

provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*,

510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To maintain a claim under section 1983, a plaintiff must establish: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States." *Barreto–Rivera v. Medina–Vargas*, 168 F.3d 42, 45 (1st Cir. 1999).

Subject to limited exceptions not applicable in this case, the State of Maine has immunity under the Eleventh Amendment to the United States Constitution against suits brought by citizens in federal court, regardless of the form of relief requested. *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009). To the extent Plaintiff asserts his § 1983 claim against the Department of Corrections, he is requesting relief against the State of Maine that is barred in federal court pursuant to the Eleventh Amendment. While a federal district court would have jurisdiction under the Civil Rights Act over claims against persons exercising state authority, § 1983 does not authorize claims against the state or its agencies. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 64 (1989); *see also Nieves– Marquez v. Puerto Rico,* 353 F.3d 108, 124 (1st Cir.2003) ("No cause of action for damages is stated under 42 U.S.C. § 1983 against a state, its agency, or its officials acting in an official capacity."). Plaintiff, therefore, cannot proceed on his § 1983 claim against Defendant Maine Department of Corrections.

**CONCLUSION**

Based on the foregoing analysis, after a review of Plaintiff's amended complaint in accordance with 28 U.S.C. § 1915A, I recommend the Court dismiss Plaintiff's claim under 42 U.S.C. § 1983 against Defendant Maine Department of Corrections.

**<u>NOTICE</u>**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of December, 2019.