**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| |
|---|
| NICHOLAS A. GLADU,<br><br>             Plaintiff,<br><br>             v.<br><br>MAINE DEPARTMENT OF<br>CORRECTIONS et al.,<br><br>             Defendants. |

Docket No.: 1:19-cv-00315-GZS

**ANSWER BY DEFENDANTS G. CASSESE AND MAINE DEPARTMENT OF CORRECTIONS TO SUPPLEMENT TO COMPLAINT (ECF NO. 36-1) & DEMAND FOR JURY TRIAL**

Defendants G. Cassese and the Maine Department of Corrections ("MDOC") answer the allegations in the supplement to the complaint (ECF No. 36-1) as follows:

1.     Defendants Cassese and MDOC lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

2.     Defendants Cassese and MDOC lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

3.     Defendants Cassese and MDOC admit that Defendant Cassese did not personally consult with Plaintiff's nephrologist or urologist. Defendants otherwise deny the allegations in paragraph 3.

4.     Denied.

5.     Denied.

6.     Denied.

7.     Denied.

8.     Denied.

1

9.      Defendants Cassese and MDOC lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

10.      Defendants Cassese and MDOC lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

11.      Denied.

12.      Defendants Cassese and MDOC lack knowledge or information sufficient to form a belief as to the truth of the allegations made in this paragraph and therefore deny them.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2.      Some or all of Plaintiff's claims are barred by the doctrine of sovereign immunity, the Eleventh Amendment, or both.

3.      Title II of the ADA is not a valid exercise of Congress's authority under section 5 of the Fourteenth Amendment as applied to this case.

4.      Defendants did not violate a clearly established constitutional right of Plaintiff, or which Defendants would have known, and Defendants are therefore entitled to qualified immunity.

5.      Defendants did not act with deliberate indifference or any requisite state of mind for any of the alleged constitutional or statutory violations.

6.      Defendants lacked personal or direct involvement in any of the alleged violations of Plaintiff's rights.

7.      Plaintiff's claims are barred for failure to exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

8.      Plaintiff is not a qualified individual with a disability.

9.     The Americans with Disabilities Act does not permit recovery against a governmental entity on the basis of vicarious liability.

10.    Any and all damage or injury allegedly sustained by Plaintiff resulted not from the conduct or acts of Defendants, but from the conduct or acts of Plaintiff or other persons.

11.    The acts or omissions of the Defendants alleged to constitute deliberate indifference, cruel and unusual punishment, or a constitutional violation were not substantial causes or factors in the alleged injuries sustained by Plaintiff.

12.    Plaintiff has failed to mitigate damages and is therefore barred from recovery against Defendants.

13.    Plaintiff is barred from seeking damages for mental or emotional injury because he does not meet the requirements of 42 U.S.C. § 1997e(e).

14.    Plaintiff is not entitled to declaratory or injunctive relief.  Declaratory relief is unavailable to solely have the Court declare that actions of Government Defendants have violated Plaintiff's rights.  Injunctive relief is further unavailable where Plaintiff's request for relief is moot.

15.    Plaintiff's claims are barred by the favorable termination rule of *Heck v. Humphrey* to the extent the relief he seeks would affect the term of his confinement.

16.    Plaintiff has no right of action under 42 U.S.C. § 1983 to assert some or all of his claims.

17.    Plaintiff's allegations fail to state facts sufficient to support a prayer for punitive damages.

3

WHEREFORE, Defendants request Plaintiff's Complaint and its supplement be dismissed and judgment be entered in favor of Defendants and against Plaintiff, along with costs, attorneys' fees, and expenses, and any other relief deemed necessary.

## DEMAND FOR JURY TRIAL

In addition, Defendants Cassese and MDOC demand a jury trial on all claims asserted in Plaintiff's complaint and supplement/amended complaint.

Dated:  December 23, 2019                    AARON M. FREY
                                             Attorney General

                                             /s/ Jillian R. O'Brien
                                             JILLIAN R. O'BRIEN
                                             Assistant Attorney General
                                             Office of the Attorney General
                                             6 State House Station
                                             Augusta, ME 04333-0006
                                             Tel. (207) 626-8800
                                             jill.obrien@maine.gov

                                             *Attorney for Defendants Maine Department of
                                             Corrections and Gladys Cassese*

**CERTIFICATE OF SERVICE**

I certify that on December 23, 2019, I electronically filed this document with the court using the ECF system, which will send notice of filing to any and all counsel of record, and that I caused one copy of this filing to be served upon Nicholas Gladu, MDOC# 21853, Maine State Prison, 807 Cushing Road, Warren, ME 04864 by having the same deposited in the United States Mail, postage prepaid.

/s/ Jillian R. O'Brien

_____

Jillian R. O'Brien
Assistant Attorney General
Office of the Attorney General
6 State House Station
Augusta, ME 04333-0006
Tel. (207) 626-8800
jill.obrien@maine.gov