UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NICHOLAS A. GLADU,           )
                             )
        Plaintiff            )
                             )
    v.                       )    1:19-cv-00315-GZS
                             )
MAINE DEPARTMENT OF          )
CORRECTIONS, et al.,         )
                             )
        Defendants           )

**ORDER ON MOTION FOR LEAVE TO FILE AMENDED COMPLAINT
AND MOTION TO EXTEND DISCOVERY DEADLINE**

Plaintiff seeks to amend his complaint (Motion, ECF No. 49) and to extend the discovery deadline. (Motion, ECF No. 48.) As explained below, the Court grants the motions.

**DISCUSSION**

Plaintiff moves to amend his complaint for the second time. Through the proposed amendment, Plaintiff attempts to allege a different medical condition as the basis of his contention that Defendants did not properly treat or accommodate his medical condition.

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "as a matter of course" subject to certain time constraints. However, when a party seeks to amend a complaint more than 21 days after the filing of a responsive pleading, the other party's consent or leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so

requires." *Id.*; *see also Foman v. Davis,* 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'").

The standard is elevated when the motion to amend is filed after the court's scheduling order deadline for amendment of pleadings. A motion to amend that is filed beyond the deadline established in a scheduling order requires an amendment of the scheduling order. To obtain an amendment of the scheduling order, a party must demonstrate good cause. *Johnson v. Spencer Press of Maine, Inc.*, 211 F.R.D. 27, 30 (D. Me. 2002); *El–Hajj v. Fortis Benefits Ins. Co.,* 156 F. Supp. 2d 27, 34 (D. Me. 2001); Fed. R. Civ. P. 16(b)(4). A court's decision on good cause "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004). "Particularly disfavored are motions to amend whose timing prejudices the opposing party by 'requiring a re-opening of discovery with additional costs, a significant postponement of the trial, and a likely major alteration in trial tactics and strategy.'" *Id.* (quoting *Acosta–Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52 (1st Cir. 1998)). Ultimately, a court has discretion whether to grant a motion to amend, and that discretion should be exercised based on the particular facts and circumstances of the case. *Id.*

Plaintiff alleges in part that he learned of some of the information relevant to the

proposed amendment on December 30, 2019. (Motion, ¶ 3.) While the Court is uncertain of the merit of any proposed amendment, because the Court cannot on the present record conclude that the amendment would be futile, the Court will permit Plaintiff to amend the complaint. The Court, however, denies Plaintiff's request to file the amendment "piece-meal." (Motion, ECF No. 50.) Because the Court will allow Plaintiff to file an amended complaint, the Court will grant the motion to extend the discovery deadline.[1]

## CONCLUSION

Based on the forgoing analysis, the Court finds and orders:

1. Plaintiff's motion for leave to amend his complaint is granted.

2. Plaintiff's motion to file the amended complaint "piece-meal" is denied.

3. Plaintiff shall file the amended complaint by March 13, 2020.

4. Plaintiff's motion to extend the discovery deadline is granted.

5. The parties shall complete discovery by April 17, 2020.

6. The parties shall file dispositive motions by May 22, 2020.

7. The case shall be ready for trial by July 7, 2020.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of February, 2020.

---

[1] In their response to the motion to amend, Defendants asked the Court to extend the discovery deadline by four weeks if the Court were to grant the motion to amend. (Response at 3-4, ECF No. 55.)